In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00263-CV

ERIC HINES, Appellant

V.

TIFFANY SHAVONNE STEVENSON HINES, Appellee

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-08-12570-CV**

## MEMORANDUM OPINION

Appellant, Eric Hines, asserts the trial court abused its discretion in dismissing without prejudice his petition for divorce for want of prosecution, in refusing to enter judgment in accordance with a mediated settlement pursuant to section 6.602 of the Texas Family Code, and in denying his verified motion to reinstate the case. *See* Tex. Fam. Code Ann. § 6.602. Finding no abuse of discretion, we affirm.

1

## Background

In August 2023, Eric[1] filed an Original Petition for Divorce. The trial court's docket indicates a scheduling order was issued in October 2023, but the scheduling order is not included in the appellate record. In March 2024,[2] the trial court granted a continuance, which stated, in part,

> Accordingly, IT IS ORDERED, ADJUDGED and DECREED that the trial of this matter is now set for **June 03, 2024 at 9:00 a.m**., and that a Docket Call-Pretrial Conference is set for **May 24, 2024 at 9:00 a.m**. All other deadlines imposed by the Scheduling Order previously rendered in this matter shall remain in full force and effect as calculated from the new trial date.

On March 15, the parties filed a Mediated Settlement Agreement ("MSA") signed by both parties.

Eric's counsel claims to have emailed the trial court's staff on May 21, asking whether he needed to appear for the Docket Call-Pretrial Conference on May 24, to which the staff replied that the MSA had been approved by the associate judge, there is no need to appear on May 24, and the "trial date is set for entry or dismissal." The email chain is not in the record.

At 5:11 p.m. on May 21, Tiffany filed a Motion to Set Aside Mediated Settlement Agreement arguing that Eric failed to disclose the mortgage on their

---

[1]Because the parties share the same last name, we will refer to them by their first names in this opinion.

[2]All dates from this point forward were in 2024.

2

home was in his name only, that he lied to Tiffany about the terms of the mortgage and that she and Eric did not understand the document they signed.

Neither party nor their attorneys appeared for Docket Call-Pretrial Conference on May 24.

On May 31, Eric filed a Motion for Entry of Agreed Final Decree of Divorce asserting a proposed Agreed Final Decree of Divorce was "attached" to the motion, but the proposed decree is neither attached to the motion nor included in the record. In the motion, Eric asserts that on May 2, his counsel provided Tiffany's counsel a proposed order that he "believe[d]" to be in conformity with the MSA and when Tiffany's counsel responded by claiming Tiffany was "not aware of the loan modification[,]" Eric's counsel, on May 14, provided Tiffany's counsel a copy of the loan modification signed by Tiffany. The motion alleges that any delay or deviation by Tiffany is a "tactic[] to stall the process of finalizing this divorce."

On June 3, the trial court signed an Order of Dismissal for Want of Prosecution in which it dismissed the case without prejudice. The Order states, "The parties and attorneys appeared but had passed pretrial conference indicating that they will have an agreed decree on their trial date and no agreed decree was ready (one side wanted to set aside the MSA)." The record does not contain a transcript of the proceedings on June 3.

3

Also on June 3, Eric filed Petitioner's Verified Motion to Reinstate Case on

Docket asserting,

> 1. This case was dismissed for want of prosecution on the court's pre-trial conference docket on or about Friday, May 24, 2024.

> 2. Petitioner's counsel mistakenly missed the pre-trial setting appearance in this matter. Counsel for Petitioner believed counsel need not appear at the pre-trial conference since the parties entered into a mediated settlement agreement on March 14, 2024. Counsel for Petitioner believed that Petitioner need only appear at Court on the trial date to prove up the mediated settlement agreement and enter a Final Decree of Divorce.

Eric's Motion to Reinstate was heard on July 18. The record contains a

transcript of the hearing, which included the following colloquy:

> THE COURT: I'm assuming that you were aware prior to the scheduled pretrial conference that [Tiffany] had filed a motion to set aside the mediated settlement agreement, correct?

> [ERIC'S TRIAL COUNSEL]: I was in trial, your Honor, and I wasn't --

> THE COURT: Well, her certificate of service claims that she sent you a copy of it --

> [ERIC'S TRIAL COUNSEL]: No doubt.

> THE COURT: -- on May 21st. The pretrial conference was May 24th.

> [ERIC'S TRIAL COUNSEL]: This is true, Judge.

> THE COURT: So --

> [ERIC'S TRIAL COUNSEL]: I may have just missed it.

THE COURT: -- were you aware prior to the scheduled pretrial conference that the other side was trying to set aside the mediated settlement agreement?

[ERIC'S TRIAL COUNSEL]: Did I receive notice? Yes. Was I aware of it? No.

THE COURT: So this is my standing order. It's been the same for years. It's a carrot, and it's a stick. There's an order. Every single case is ordered to mediate prior to pretrial conference. Okay? The pretrial conference, the whole purpose of that is to figure out which cases have done what they were supposed to do that are ready to and need to be tried and which cases haven't. The carrot is if you did what you were ordered to do and mediated and settled, you don't have to come to pretrial if we're just going to enter a decree based on the MSA. The stick is if you don't come to pretrial, I'm going to dismiss your case. If you pass the pretrial based on an MSA, you're set for entry or dismissal on your trial date. The fact that neither of you showed up for your pretrial conference on May 24th when you knew there was an issue or a dispute is not good. Are we on the same page?

[TIFFANY'S TRIAL COUNSEL]: Yes, your Honor.

[ERIC'S TRIAL COUNSEL]: Yes, your Honor, but --

THE COURT: Why would you pass it -- why would you -- are you the one, [Eric's trial counsel], that passed the pretrial conference?

[ERIC'S TRIAL COUNSEL]: No, your Honor. I'm the one who asked the Court if we needed to be there, but --

THE COURT: So you're telling me you called my staff and asked if you needed to be at the pretrial conference and my staff said no, you don't have to be there?

[ERIC'S TRIAL COUNSEL]: I sent an email, and in the email, it says: "Judge Wonderly has approved your MSA. There is no need to appear for pretrial. Your trial date is set for entry or dismissal." That's what I received.

5

THE COURT: Because somebody, presumably a lawyer, contacted my staff and said we have an MSA --

[ERIC'S TRIAL COUNSEL]: I did, on --

THE COURT: -- can we skip pretrial?

[ERIC'S TRIAL COUNSEL]: On May 21st, yes.

THE COURT: And on May 21st, you already knew that they weren't in agreement with the MSA anymore, right?

[ERIC'S TRIAL COUNSEL]: It had never been set for hearing. There was no hearing on the motion.

THE COURT: All right. Are you the one asking me to reinstate the case?

[ERIC'S TRIAL COUNSEL]: Well --

THE COURT: Yes?

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

THE COURT: So let me make sure I understand correctly. [Eric's trial counsel], you asked to not appear for the pretrial conference because you had an MSA.

[ERIC'S TRIAL COUNSEL]: Yes.

THE COURT: And when you did that, you knew that the other side was trying to set aside the MSA, correct?

[ERIC'S TRIAL COUNSEL]: No. I was -- I mean, they sent me notice. I didn't -- I didn't -- I wasn't looking at it --

THE COURT: They sent you notice --

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

THE COURT: -- of their motion to set aside the MSA, correct?

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

. . . .

THE COURT: So can someone give me a logical explanation as to why no one appeared for the pretrial conference on May 24th when y'all knew that there was a dispute over entering a judgment on the mediated settlement agreement prior to that date?

[ERIC'S TRIAL COUNSEL]: . . . Yes, your Honor. So on May 21st when we sent the email, I can only presume that Judge Wonderly and your staff would have had access to the clerk's record and would have seen that the motion had been filed, which is why we sent the email. If it was necessary for us to show up to the pretrial, I can only assume that your staff would have told us or Judge Wonderly would have told us. And so when we get an email --

. . . .

THE COURT: I would like to assume that you understand that I'm having an issue and a concern with why no one appeared for the pretrial conference.

[ERIC'S TRIAL COUNSEL]: It was an honest mistake, Judge.

THE COURT: But bear with me. You -- do you agree and acknowledge that that appears to be my question and concern?

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

. . . .

THE COURT: Okay. If you were doing that, you were aware that there was pretrial conference, yes?

[ERIC'S TRIAL COUNSEL]: Yes.

7

THE COURT: If you were aware that there was a pretrial conference, you were aware of it because you had received this Court's scheduling order, yes?

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

THE COURT: If you had received this Court's scheduling order, I'm assuming you had read this Court's scheduling order, yes?

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

THE COURT: If you had read this Court's scheduling order, it says, I believe, in all capital letters, bolded and underlined, failure to appear would result in a dismissal. Yes?

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

THE COURT: Yet for some reason or another, you initiated communication with my staff prior to the pretrial conference --

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

THE COURT: -- to determine whether you needed to show up.

[ERIC'S TRIAL COUNSEL]: Yes, your Honor.

THE COURT: Which tells me that those all capitalized, bolded, and underlined letters in the scheduling order didn't make it clear to you. Or, alternatively, you were aware of this Court's policy, which is a standing order, that says if you have a mediated settlement agreement, you can pass the pretrial conference, meaning you're representing to the Court we're going to enter a decree based on the MSA on the trial date. It's one of those two things. Would you agree?

[ERIC'S TRIAL COUNSEL]: No.

THE COURT: There's a third option?

[ERIC'S TRIAL COUNSEL]: Yes.

8

THE COURT: Okay. What is the third option that happened in this case?

[ERIC'S TRIAL COUNSEL]: We have a mediated settlement agreement, and there was nothing that was done by the Court to vacate it. Hence, we're entitled to a judgment based on that MSA.

At the conclusion of the hearing, the trial court denied Eric's motion. Eric filed this appeal.

**Analysis**

In his first issue, Eric argues that a trial court is required to reinstate a case when the party's failure to appear "was not the result of conscious indifference but was due to accident or mistake or is otherwise reasonably explained." *See* Tex. R. Civ. P. 165a(3). Eric attributes his failure to appear at the May 24 pretrial conference to confusion regarding whether his attendance was required in light of Tiffany's dispute of the mediated settlement agreement. He argues his counsel attempted to "resolve any confusion by emailing the court coordinator to determine if they still needed to attend" and relied on the coordinator's reply that there was no need.

"A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the court's inherent authority under common law." *Tunchez v. Houk*, No. 05-20-00330-CV, 2021 Tex. App. LEXIS 9804, at *8 (Tex. App.—Dallas Dec. 8, 2021, no pet.) (mem. op.) (citing Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)). "A court may dismiss pursuant to rule 165a when a party

9

seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, or when a case is not disposed within the Supreme Court of Texas' time standards" *Id*. "The trial court also has the inherent authority to dismiss a civil suit when a plaintiff fails to prosecute [his] case with due diligence." *Renfro v. Davis*, No. 01-21-00540-CV, 2022 Tex. App. LEXIS 5401, at *6 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet.) (mem. op.). "This authority stems from the trial court's power to control its docket." *Id*. (citing *Maida v. Fire Ins. Exch*., 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.)).

Nevertheless, Rule 165a(3) contemplates that a case should be reinstated if the party's failure to appear was due to an accident or mistake or is otherwise reasonably explained. Tex. R. Civ. P. 165a(3). "The operative standard is essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *see Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (1939). "A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith*, 913 S.W.2d at 468. "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id*. (citing *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). "The party seeking reinstatement has the burden and must provide some

proof of an adequate justification for the failure that negates intent or conscious indifference." *Gulf Coast Lease Serv. v. Rise Petro. Invs. LLC*, No. 14-25-00006-CV, 2026 Tex. App. LEXIS 3998, at *6 (Tex. App.—Houston [14th Dist.] Apr. 30, 2026, no pet.) (mem. op.).

A trial court's ruling on a motion to reinstate is reviewed for abuse of discretion. *See Smith,* 913 S.W.2d at 468. A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "Whether the party's or attorney's conduct was 'not intentional or the result of conscious indifference,' is a fact-finding within the trial court's discretion." *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 733 (Tex. App.—Dallas 1985, no writ) (quoting Tex. R. Civ. P. 165a). "The fact-finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Wilson v. Wilson*, No. 01-06-00908-CV, 2010 Tex. App. LEXIS 4856, at *26 (Tex. App.—Houston [1st Dist.] June 24, 2010, no pet.) (mem. op.). We must defer to a trial court's firsthand assessments of credibility. *See Hoa Dao v. Md. Cas. Co.*, No. 09-13-00353-CV, 2015 Tex. App. LEXIS 4893, at *19 (Tex. App.—Beaumont May 14, 2015, no pet.) (mem. op.).

Although the trial court's scheduling order is not in the record, the trial court characterized its order during the hearing on the motion to reinstate as containing

11

"capitalized, bolded, and underlined letters" indicating there was no need to appear at the pretrial if the only thing left to do was to enter a final divorce decree based on an MSA, but if pretrial was passed based on the existence of an MSA, the parties and attorneys would need to appear on the trial date whereupon a final decree would be entered pursuant to the MSA or the case would be dismissed. Consistent with how the scheduling order was described, the dismissal order indicates this case was dismissed because the parties and their attorneys failed to appear for the pretrial conference "indicating that they will have an agreed decree on their trial date and no agreed decree was ready (one side wanted to set aside the MSA)."

During the hearing on the motion to reinstate, Eric's counsel was unclear regarding when he became aware that Tiffany was contesting the mediated settlement agreement; he acknowledged having been served with Tiffany's May 21 motion to set aside the MSA, but he denied actual awareness of the motion since he was in trial and "may have just missed it." However, according to Eric's motion for entry of judgment, Eric's counsel knew no later than May 14 that Tiffany was contesting at least one of the terms of the MSA because the motion states he provided Tiffany's counsel a proposed decree on May 2 and then provided her a copy of the loan modification on May 14 in response to Tiffany's allegation that she was unaware that the loan had been modified. Therefore, regardless of whether Eric's counsel was actually aware of Tiffany's motion to set aside the MSA, the trial court

12

may have reasonably concluded that Eric's counsel was actually aware as of May 14 that the parties were in a state of disagreement concerning the final decree. And, according to the trial court's description of its own scheduling order, the order clearly and conspicuously informed counsel that unless the parties were prepared to enter an agreed final decree on the June 3 trial date, counsel were required to appear for the May 24 docket call and pretrial conference, else the case would be dismissed.

Because the record does not include a copy of the emails exchanged between Eric's counsel and the trial court's staff on May 21, it is unclear whether the email from Eric's counsel was sent before or after Tiffany's motion was filed at 5:11 p.m. that day. It is also unclear whether Tiffany's motion had already been filed or whether the trial court's staff was aware of it when the staff responded that there was no need to appear on May 24 since the MSA had been approved by the associate judge. The trial court may have reasonably concluded that the emails were exchanged earlier in the day, and that once Tiffany's motion was filed later that same day, the staff's email did not provide a reasonable justification for missing the docket call and pretrial conference on May 24 in light of the instructions in the scheduling order. "The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal." *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). Without the email chain, we are unable to conclude the trial court abused its discretion in impliedly finding that Eric's counsel was not entitled to rely on the

13

staff's email after Tiffany filed a motion to set aside the MSA on May 21. Likewise, without the scheduling order, we cannot evaluate the clarity with which counsel was warned that the case would be dismissed for failing to appear for docket call on May 24 or for failing to be ready to enter an agreed final decree on June 3.

On this record, we cannot say that the trial court abused its discretion by impliedly finding that Eric's failures were not merely inadvertent, but were, instead, deliberate and without reasonable justification. Eric, therefore, failed to carry his burden to negate intent or conscious indifference. *See Smith*, 913 S.W.2d at 468; *see also Wilson*, 2010 Tex. App. LEXIS 4856, at *28-29 (holding the trial court did not abuse its discretion by denying appellant's motion to reinstate, because although trial counsel testified that the court clerk told him the case had been reset, he provided no evidence of such, and the trial court as the determiner of credibility was in the position to determine the weigh to give trial counsel's testimony). Because the record does not support Eric's assertions that the trial court abused its discretion in denying the motion to reinstate, we overrule Eric's first issue.

**Issues Two and Three**

In his second and third issues, Eric argues the trial court abused its discretion in dismissing the case instead of entering a final decree based on the parties' MSA pursuant to section 6.602 of the Texas Family Code and in creating a rule that abridges Eric's rights under section 6.602, which provides:

14

(b) A mediated settlement agreement is binding on the parties if the agreement:

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2) is signed by each party to the agreement; and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

(c) If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

Tex. Fam. Code Ann. § 6.602(b), (c). An MSA "is binding on the parties and requires the rendition of a divorce decree that adopts the parties' agreement." *Milner v. Milner*, 361 S.W.3d 615, 618 (Tex. 2012) (citing Tex. Fam. Code Ann. § 6.602(b)-(c)). Several courts of appeals have held that a trial court is not required to enforce an MSA that is illegal or procured by fraud, duress, coercion, or other dishonest means. *See Morse v. Morse*, 349 S.W.3d 55, 56 (Tex. App.—El Paso 2010, no pet.); *Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 242 (Tex. App.—Austin 2007); *In re Marriage of Joyner*, 196 S.W.3d 883, 890 (Tex. App.—Texarkana 2006, pet. denied); *Boyd v. Boyd*, 67 S.W.3d 398, 403-05 (Tex. App.—Fort Worth 2002, no pet.); *In re Kasschau*, 11 S.W.3d 305, 312 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). Tiffany's motion to set aside the MSA is based on such allegations, but Eric argues that in the absence of evidence supporting Tiffany's

allegations, Eric was entitled to entry of a final divorce decree consistent with the MSA. Without a record of the proceedings on June 3, we are unable to determine whether Tiffany presented any evidence of fraud, duress or dishonesty. And without a proposed final divorce decree, we are unable to evaluate whether the proposed decree is consistent with the MSA that was filed on March 15.

As indicated above, the trial court's dismissal order indicates the case was dismissed because when the parties and attorneys appeared on June 3, "no agreed decree was ready (one side wanted to set aside the MSA)." It was Eric's burden to bring forth a record sufficient to demonstrate reversible error on the part of the trial court. *See Christiansen*, 782 S.W.2d at 843. On this record, we are unable to conclude that the trial court abused its discretion in dismissing the case for counsel's failure to either: (1) appear for docket call on May 24, or (2) appear on June 3 with a final divorce decree that conformed to the MSA. We overrule Eric's second and third issues.

### Conclusion

Having overruled Eric's issues, we affirm the trial court's orders.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 12, 2026
Opinion Delivered July 30, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.

16